NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE MCM PORTFOLIO, LLC,**
*Petitioner.*

---

2014-104

---

On Petition for Writ of Mandamus to the United States Patent and Trademark Office in No. IPR2013-00217.

---

**ON PETITION**

---

Before RADER, *Chief Judge,* DYK and WALLACH, *Circuit Judges.*

WALLACH, *Circuit Judge.*

### O R D E R

MCM Portfolio, LLC filed suit against the Hewlett-Packard Company ("HP"), alleging infringement of U.S. Patent No. 7,162,549.  Within one year of receiving that complaint, HP filed a petition for inter partes review with the Patent Trial and Appeals Board ("Board"), seeking to challenge the validity of the patent in suit.  MCM responded that HP could not bring such review based on a distribution arrangement between HP and a digital picture frame manufacturer that MCM had separately

sued for infringement of the same patent more than one year before the filing of HP's petition.

Over MCM's objections, the Board granted HP's request to institute inter partes review. MCM now seeks mandamus review of that decision, arguing that the Board was barred from instituting these proceedings pursuant to 35 U.S.C. § 315(b). That statute provides that "[a]n inter partes review may not be instituted if the petition requesting the proceeding is filed more than 1 year after the date on which the petitioner, real party in interest, or privy[*] of the petitioner is served with a complaint alleging infringement of the patent." HP and the Director of the Patent and Trademark Office oppose.

In seeking such relief, MCM faces a heavy burden. It must show: (1) that it has a clear legal right to relief; (2) that there are no adequate alternative legal channels through which petitioner may obtain that relief; and (3) that the grant of mandamus is appropriate under the circumstances. *See Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380-81 (2004); *Kerr v. U.S. Dist. Court for N. Dist. of Cal.*, 426 U.S. 394, 403 (1976). MCM has not shown that this standard has been met. We deny the petition without

---

[*] "Privy" generally refers to a "sufficiently close relationship" between the purported privy and the relevant other party such that both should be bound by the trial outcome and related estoppel provisions. *Office Patent Trial Guide*, 77 Fed. Reg. 48759 (Aug. 14, 2012); *see also generally Int'l Nutrition v. Horphag Research*, 220 F.3d 1325, 1329 (Fed. Cir. 2000) ("A variety of relationships between two parties can give rise to the conclusion that a nonparty to an action is 'in privity' with a party to the action for purposes of the law of judgments, which is simply a shorthand way of saying that the nonparty will be bound by the judgment in that action.").

IN RE MCM PORTFOLIO, LLC                                             3

prejudice to MCM attempting to raise its section 315(b) arguments on appeal after final decision by the Board.

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is denied.

FOR THE COURT


/s/ Daniel E. O'Toole
Daniel E. O'Toole
Clerk of Court


s19